IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

In re:

Darale G. Haney, Jr.  Case No.: 10-04683

*Debtor*.

**ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTIONS**

Terri Owens, Attorney for the Chapter 7 Trustee
Daniel Parker Sweet, Attorney for the Debtor

This matter is before the Court on the Trustee's Objection to Debtor's Claim of Exemptions. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(1), and the Court has authority to enter a final order. For the following reasons, the Trustee's Objection is due to be SUSTAINED.

## FACTS

Mr. Haney is a real estate agent/broker with Robertson Haney Realty, LLC, and owns 50% of the company. Mr. Haney filed his voluntary chapter 7 petition on October 8, 2010. On Schedule C, he listed a potential oil spill compensation claim against BP, PLC of an unknown value and claimed the asset as exempt for $1.00. On November 1, 2010, Mr. Haney submitted a statement under penalty of perjury that he is "paid on a commission / profit sharing basis and does not receive regular pay advices and did not receive pay advises during the 60-day period preceding the filing of this case." On November 12, 2010, the Trustee filed an Objection to Debtor's Claim of Exemptions by negative notice asking for the Court to enter an order limiting the Debtor's claim of personal property exemptions to $3,000.00 and limiting the claim of

1

exemption with regard to the oil spill compensation claim to $1.00. The Trustee's Objection was sustained on December 7, 2010.

Mr. Haney received a check dated November 22, 2010, from the Alabama Real Estate Licensee's Claim Fund Account for $8,450.00. The check was payable to the Order of Darale Haney; its description states that it was for "Loss Payment – Loss of Use / Ren," and the memo indicates that it is for losses sustained in August. Mr. Haney received a second check dated November 29, 2010, from the fund in the amount of $19,980. That check was also payable to the Order of Darale Haney; its description states that is was for "Loss Payment – Loss of Use / Ren" and the memo indicates that it is for losses sustained in September.

On December 12, 2010, the Debtor submitted an amended Schedule B including "Loss of Income Compensation for BP Oil Spill" for August and September 2010. He submitted an amended Schedule C deleting the potential claim against BP, PLC and adding "Loss of Income Compensation for BP Oil Spill" for August and September 2010 claiming each as 75% exempt. On December 12, 2010, the Debtor also submitted a Cumulative Statement of Amendments summarizing these changes.

On December 16, 2010, the Trustee filed an Objection to the Debtor's Claim of Exemptions seeking an order limiting the Debtor's claim of personal property exemptions to $3,000.00 and disallowing the Debtor's claim of exemptions for loss of income compensation exempted under Alabama Code § 6-10-7. Mr. Haney responded on December 29, 2010, conceding that the funds could not be exempt under both his personal property and wage exemptions, but arguing that the Trustee's objection with respect to the Debtor's claim of wage exemptions should be overruled.

The Court held a hearing on this matter on January 18, 2011. During the hearing Mr. Haney testified that he works as an "Associate Broker" under his mother, Debbie Haney, who is the "Qualified Broker" for the business. Mr. Haney's "Agency Agreement" dated February 1, 2010, states that he shall receive 80% of any listing or sales commission, with the remaining 20% going to the LLC. However, because of difficulties facing the company, Mr. Haney has voluntarily foregone commission payments and instead receives occasional draws from the business with the consent of Debbie Haney. The Agency Agreement states that Mr. Haney is responsible for paying for his own advertising as well as his own business cards, phone calls, postage, continuing education classes, and professional fees. The agreement further states that the LLC will pay for development/implementation of a business plan, marketing plan, and advertising plan to assist agents with listings and sales and states that the company will assist agents with closings, paperwork, and training. Mr. Haney testified that the LLC also pays for internet access, office space, condo fees, and utilities. Mr. Haney was unaware of whether the LLC deducts any payroll taxes. His tax returns for 2008 reflect an adjusted gross income of -$53,410 (-$61,586 after deductions), but it does not show that he earned any "wages, salaries, tips, etc." during that tax year. Similarly, his tax returns for 2009 reflect an adjusted gross income of -$25,147 (-$30,847 after deductions), but do not reflect any wages or salary.

Mr. Haney testified that his work as an Associate Broker must be done under the supervision of a Qualified Broker. Debbie Haney testified that as a Qualified Broker for Robertson Haney Realty, LLC, she has the power to fire an Associate Broker for failure to follow company procedures, she is responsible for preparing regular reports for the business and approves of all expenditures, and she can be held liable for the actions of an Associate Broker working under her supervision. She confirmed that Mr. Haney did not receive a full 80%

commission in 2010 because the business had suffered revenue declines as a result of the oil spill and Mr. Haney voluntarily waived his commissions because of the company's money problems. Instead, Mr. Haney has been taking small draws from the company with Debbie Haney's permission. She also testified that if she fired Mr. Haney, he would have to associate himself with another Qualified Broker in order to keep his broker's license. At the conclusion of the hearing, the Court took this matter under advisement.

LAW

An exemption is "presumptively valid" and the objecting party has the burden of proving that the exemption is not properly claimed. *See* Fed. R. Bankr. P. 4003(c). "The objecting party must produce evidence to rebut the presumptively valid exemption." *In re Peterson*, 280 B.R. 886, 890 (Bankr. S.D. Ala. 2001), *citing Carter v. Anderson* (*In re Carter*), 182 F.3d 1027, 1029 n.3 (9th Cir. 1999). "If the objecting party can produce evidence to rebut the presumption, the burden of production then shifts to the debtor to come forward with *unequivocal evidence* to demonstrate that the exemption is proper." *In re Carter*, 182 F.3d at 1029 n.3 (emphasis added).

Alabama Code § 6-10-7 states that the wages, salaries, or other compensation of laborers or employees shall be exempt from processes for the collection of debts in an amount equal to 75 percent of such wages, salaries, or compensation. The Trustee argues that Mr. Haney is an independent contractor, rather than an employee of Robertson Haney Realty, LLC, and therefore is not entitled to a claim of exemption under Alabama Code § 6-10-7 because it specifically applies to "laborers or employees." The Debtor argues that he is an employee, and not an independent contractor, because there is a clear master-servant relationship between an Associate Broker and a Qualified Broker.

4

To qualify as an "employee" for purposes of the Alabama exemption for wages, there must be a master-servant relationship, which exists when an employer retains the right to direct the manner which the business shall be done, as well as the result to be accomplished. *In re Peterson*, 280 B.R. at 890. An "independent contractor," on the other hand, is one who, in exercising independent employment, contracts to do certain work according to his own methods, without being subject to the control of the employer, except as to the product or the result of the work. 41 Am. Jr. 2d INDEPENDENT CONTRACTORS § 1 (2010).

In the present case, the Trustee presented evidence that Mr. Haney was originally intended to work on a commission basis and did not define his income as being from wages/salary on his 2009 taxes. This evidence is sufficient to rebut the presumptively valid exemption and the burden shifts to the Debtor to present *unequivocal evidence* to demonstrate that the exemption is proper. At the hearing the Debtor presented evidence that he was not actually receiving any commission payments, he was working under the direction of the Qualified Broker, he could be fired at any time by the Qualified Broker for breaking with company policies, and the Qualified Broker was potentially liable for acts done by Mr. Haney under the Qualified Broker's supervision. While these facts support the Debtor's argument, they are not unequivocal evidence that Mr. Haney was an "employee" rather than an "independent contractor." Overall, the Trustee initially presented enough evidence to shift the burden to the Debtor, and the Debtor has failed to present evidence sufficient to show that he is properly considered an "employee." He has failed to meet his burden of showing that the claimed exemption is proper under Alabama Code § 6-10-7. In the Court's view, the fact that Mr. Haney did not treat his income as wages on his tax returns prevents him from claiming he has shown

Case 10-04683    Doc 28    Filed 02/04/11    Entered 02/04/11 15:42:52    Desc Main
Document      Page 5 of 6

unequivocal evidence of his "employee" status. Therefore, the Trustee's Objection to the Debtor's Exemptions is SUSTAINED.

Dated: February 4, 2011

*/s/ Margaret A. Mahoney*
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE